IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HEVAR SYSTEMS, INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-4579-D |
| VS. § | |
| § | |
| LEAD IT, INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendants Lead It, Inc. ("Lead") and Ram Talluri ("Talluri")—both Illinois citizens—move to dismiss for lack of *in personam* jurisdiction.[1] Plaintiff Hevar Systems Inc. ("Hevar") has not responded to the motion. For the reasons that follow, the court grants defendants' motion to dismiss for lack of *in personam* jurisdiction and dismisses this case without prejudice by judgment filed today.

I

Hevar sues Lead and Talluri to recover on claims of business disparagement, defamation, and libel per se. Hevar alleges that it entered into a subcontracting agreement with Lead under which Lead was to provide computer software and systems services to

---

[1]Although defendants do not cite the rule on which their jurisdictional challenge is based, the motion is necessarily brought under Fed. R. Civ. P. 12(b)(2).
Alternatively, defendants move to dismiss plaintiff's claims for defamation (including libel per se) and business disparagement under Rule 12(b)(6) for failure to state a claim on which relief can be granted. The court need not reach defendants' alternative Rule 12(b)(6) motion.

Hevar and its clients. It asserts that "Talluri acting individually and as an agent for [Lead] sent multiple libelous emails to multiple recipients in [Hevar's] business community . . . stat[ing] that [Hevar] did not have an office in the USA, that the Department of Homeland Security [was] looking for the owner, and that they never pay your money." Pet. ¶ 7 (second). Hevar alleges that these statements concerning its business were "patently false." *Id.* at ¶ 8.

On December 6, 2013 defendants filed the instant motion to dismiss. Hevar's response to the motion was due on December 27, 2013. *See* N.D. Tex. Civ. R. 7.1(e). Hevar has not responded to the motion, and it is now ripe for decision.[2]

II

A

The determination whether a federal district court has *in personam* jurisdiction over a nonresident defendant is bipartite. The court first decides whether the long-arm statute of the state in which it sits confers personal jurisdiction over the defendant. If it does, the court then resolves whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Because the Texas long-arm statute extends to the limits of due process, the court need only

---

[2]On January 10, 2014 defendants filed a "reply brief in support of their motion to dismiss," the apparent purpose of which is to point out that Hevar did not respond to their motion to dismiss. Although this "reply brief" was unnecessary, the court notes that Hevar has still not responded to the motion to dismiss despite the additional notice provided by defendants.

consider whether exercising jurisdiction over Lead and Talluri would be consistent with the Due Process Clause of the Fourteenth Amendment. *See id.*; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

> The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." To comport with due process, the defendant's conduct in connection with the forum state must be such that he "should reasonably anticipate being haled into court" in the forum state.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted). To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice, the court examines (1) the defendant's burden, (2) the forum state's interests, (3) the plaintiff's interest in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in fundamental social policies. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993).

A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.* (citations omitted).

"The district court usually resolves the jurisdictional issue without conducting a hearing." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993) (footnote omitted). "When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a *prima facie* case for personal jurisdiction." *Latshaw*, 167 F.3d at 211 (footnotes omitted).

B

In Hevar's state court petition, it pleads the predicate for the court's exercise of *in personam* jurisdiction as follows:

> This court has jurisdiction over Defendants because said Defendants purposely availed [themselves] of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant[s], and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

Pet. ¶ 5 (first). Hevar also alleges: "Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants." *Id.* at ¶ 5 (second). As is clear from the allegations of Hevar's state court petition, it relies on specific (not general) jurisdiction.

Through a declaration submitted in support of their motion, defendants have controverted the allegations of Hevar's petition that purport to show the existence of specific

- 4 -

jurisdiction.[3] According to Talluri's declaration, Lead (whom Hevar alleges can be served with process in Illinois) "has not performed tortious acts in Texas purposefully directed toward Texas or Texas residents," and Talluri (whom Hevar alleges can be served at his place of employment in Illinois) "[has] not performed tortious acts in Texas purposefully directed toward Texas or Texas residents."  Ds. App. 1.

In this no-hearing situation, once defendants controverted the jurisdictional allegations contained in Hevar's state court petition, the burden shifted to Hevar to adduce affidavit or declaration evidence sufficient to satisfy the minimum contacts prong of the due process test. Because Hevar has not responded to defendants' motion, it has not carried this burden. Because Hevar has failed to establish defendants' minimum contacts with the state of Texas, this court is not shown to have *in personam* jurisdiction over either defendant.  Hevar's action against defendants must therefore be dismissed without prejudice.

\* \* \*

Defendants' December 6, 2013 motion to dismiss is granted, and this action is dismissed without prejudice by judgment filed today.

**SO ORDERED**.

January 15, 2014.

                                                         SIDNEY A. FITZWATER
                                                         CHIEF JUDGE

---

[3]The same declaration contains denials of activities that would establish general jurisdiction.  The court need not consider these denials, however, because Hevar does not rely on general jurisdiction in its state court petition.